Mr. Donald J. Lunny, Jr. Plantation City Attorney 400 Northwest 73 Avenue Plantation, Florida 33317
Dear Mr. Lunny:
On behalf of the City of Plantation City Commission, you ask substantially the following question:
Does section 790.08, Florida Statutes, control the disposition of weapons that come into the possession of the City of Plantation as a result of being found upon individuals who are arrested or as lost or abandoned property?
In sum:
Section 790.08, Florida Statutes, governs the disposition of weapons that come into the possession of the City of Plantation under the conditions prescribed therein.
Chapter 790, Florida Statutes, operates to regulate the entire field of firearms and ammunition, including the purchase, sale, transfer, taxation, manufacture, ownership, possession, and transportation thereof.[1] Pursuant to Chapter 790, every officer who makes a lawful arrest under section 790.07, Florida Statutes, or under any other law or municipal ordinance within this state, is authorized to take possession of any weapons, electric weapons or devices, or arms found upon the person arrested.[2] The officer is directed to deliver the weapons to the sheriff of the county or the chief of police of the municipality where the arrest was made, who retains the weapons until after the trial of the person arrested.[3]
Upon conviction of any offense involving the use or attempted use of such weapons, the offender must forfeit them to the state. The forfeiture is automatic and the weapons must then be delivered by the chief of police or other person having custody thereof to the sheriff as the designated custodian of such weapons on behalf of the state.[4] If the individual is acquitted or the charges are dismissed, the weapons are to be returned to him; however, if he fails to seek the return of the weapons within sixty days of his acquittal or the dismissal, they are to be delivered to the sheriff as prescribed in the statute.[5]
Section 790.08(4), Florida Statutes, provides that all weapons coming into the hands of any peace officer of this state or of any political subdivision, which have been found abandoned or otherwise discarded, or left in their hands and not reclaimed by the owners shall, within sixty days, be delivered to the sheriff of the county in which the weapon was found or retained. Weapons coming into the hands of a sheriff pursuant to subsections790.08(3) or (4), Florida Statutes, that are not reclaimed by the owner within six months of their receipt by the sheriff are forfeited to the state.[6] Subsection (6) of section 790.08, Florida Statutes, sets forth a procedure whereby the weapons suitable for use by the sheriff may be so used or, if not needed by the sheriff, may be loaned to any other department of the state or to any county or municipality having use for such weapons.
All weapons that are not needed or that are useless or unfit for use must be destroyed or otherwise disposed of by the sheriff as provided in Chapter 705, Florida Statutes, or as provided in the Florida Contraband Forfeiture Act.[7] Funds received from the sale or disposition of weapons under Chapter 705 shall be paid to the State Treasurer for the benefit of the State School Fund. Funds received from the sale or disposition of weapons pursuant to the Contraband Forfeiture Act must be disbursed as specifically provided therein.[8]
Section 790.08(7), Florida Statutes, however, states that "[t]his section does not apply to any municipality in any county having home rule under the State Constitution." The question has arisen, therefore, in light of changes brought about by the 1968 State Constitution granting home rule powers to charter counties, whether those counties that have adopted home rule charters are likewise exempt from the restrictions imposed by section 790.08, Florida Statutes.
The plain language of section 790.08(7), Florida Statutes, applies only to those municipalities in counties "having home rule under the State Constitution." (e.s.) The 1968 State Constitution authorizes, pursuant to general or special law, the creation of a county government by charter upon vote of the electors of the county in a special election called for that purpose[9] and recognizes that such charter counties created pursuant to general or special law[10] possess home rule powers.[11]
The constitutional authorization to create a charter county with home rule powers is not, however, the same as a county having home rule power under the constitution. Sections 9, 10, 11, and 24, Article VIII, Florida Constitution (1885), as amended, constitutionally grant home rule powers to Duval, Monroe, Dade, and Hillsborough Counties. Section 6(e), Article VIII, Florida Constitution (1968), acknowledges the continued effect of the 1885 Constitution as it relates to those charter counties. Thus, only municipalities in charter counties that have been granted home rule powers by the constitution would fall within the exemption in section 790.08(7), Florida Statutes. The City of Plantation is located in Broward County, which is not a charter county created by the constitution. Therefore, the City of Plantation does not qualify as a municipality under section 790.08(7), Florida Statutes.
Accordingly, it is my opinion that a municipality in a charter county other than those created by the Florida Constitution would be subject to section 790.08, Florida Statutes, when disposing of weapons that come into its possession under the conditions prescribed therein.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] See, s. 790.33(1), Fla. Stat. (1993).
[2] Section 790.08(1), Fla. Stat. (1993).
[3] Id.
[4] Section 790.08(2), Fla. Stat. (1993).
[5] See, s. 790.08(3), Fla. Stat. (1993).
[6] Section 790.08(5), Fla. Stat. (1993).
[7] Sections 932.701-932.707, Fla. Stat. (1995) [as amended by Ch. 95-265, Laws of Fla.], sets forth the procedures for the Florida Contraband Forfeiture Act. Section 932.7055, Fla. Stat., as amended by Ch. 95-265, Laws of Fla., provides the manner in which liens and forfeited property are disposed.
[8] Section 790.08(6), Fla. Stat. (1993).
[9] See, s. 1(c), Art. VIII, Fla. Const. 
[10] See, e.g., Part II, Ch. 125, Fla. Stat. (1993).
[11] Section 1(g), Art. VIII, Fla. Const.